# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE I. GONZALEZ,<br>    *Plaintiff*,<br><br>v.<br><br>FENTON, *et. al.*,<br>    *Defendants*. | No. 3:17-cv-00309 (JAM) |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Jose I. Gonzalez is a prisoner in the custody of the Connecticut Department of Correction (DOC). Gonzalez brought this lawsuit after he was assaulted by his cellmate. He alleges that Unit Managers Davis and Blanchard were deliberately indifferent to his safety when they failed to prevent the assault despite knowing of his cellmate's violent reputation. Davis and Blanchard are the only remaining defendants in this case following the Court's prior dismissal of two other defendants by means of its initial review order. *See Gonzalez v. Fenton*, 2017 WL 1371251, at *1 (D. Conn. 2017). For the reasons set forth below, I will grant the unopposed motion of Davis and Blanchard for summary judgment on the ground that Gonzalez failed to exhaust his administrative remedies.

### BACKGROUND

The following facts are based on the parties' submissions and are viewed in the light most favorable to Gonzalez as the non-moving party. In 2016, Gonzalez was incarcerated at MacDougall-Walker Correctional Institution. His cellmate had a reputation as a "celly killer" because he was alleged to have killed someone in California. Doc. #1 at 2 (¶ 10). On March 27, 2016, Gonzalez sent an Inmate Request Form to Davis saying that he was not getting along with

1

his cellmate and to request that his cellmate be moved. *Id.* at 1 (¶ 7); Doc. #1-1. On April 5, 2016, Gonzalez sent a nearly identical request to Blanchard. *See* Docs. #1 at 2 (¶ 8); #1-2.

On April 8, 2016, Correctional Officer Fenton responded to "verbal aggression" coming from Gonzalez's cell. Doc. #1 at 2 (¶ 11). He saw that Gonzalez was injured and that his cellmate was holding a weapon. After five minutes, Fenton called for assistance. *Ibid.* Gonzalez's cellmate later admitted to assaulting Gonzalez and was placed in the restrictive housing unit. Medical staff treated Gonzalez for his injuries, which included scratches on the side of his face and the top of his head. Doc. #1-4 at 11.

On June 26, 2016, Gonzalez wrote to the warden stating that he had seen his former cellmate loitering in the hallway of the correctional facility on April 29, 2016. Doc. #1-5. He questioned why the former cellmate had not been transferred to another facility. *Ibid.*

Gonzalez alleges in his complaint that he "immediately started writing grievances and trying to exhaust my remedies but was not provided with and [sic] way to do so for a [sic] inmate who does not speak or read English adequately enough to follow procedure." Doc. #1 at 2 (¶ 13). Gonzalez further alleges that there are "still no remedies for Spanish speaking inmates." *Ibid.*

According to the record, Gonzalez first filed a grievance regarding the incident of April 8, 2016, about eight months later on December 7, 2016. Doc. #20-3 at 15–16. He filed a second, identical grievance that same day. *Id.* at 19–20. Both of the December 7 grievances were rejected because Gonzalez failed to file the grievances within 30 days of the incident as required by the DOC's Administrative Directive. *Id.* at 14, 18.

Rather than appeal the denial, Gonzalez filed an additional grievance regarding the April 8 incident on December 16, 2016. *Id.* at 25–26. This grievance was also rejected because of the failure to file it within the required time period. *Id.* at 27. Gonzalez filed a second grievance on

December 16 that did not reference the April 8 incident but stated that he wanted the warden to be reprimanded for "failing [sic] to act in regards to my personal safety." *Id.* at 38. This grievance was returned without disposition. *Id.* at 37. Gonzalez filed a level 2 appeal of the denial of his first December 16 grievance that addressed the April 8 incident. *Id.* at 29. The appeal was denied because of Gonzalez's failure to file his grievance within the required 30-day limit. *Ibid.* Gonzalez did not file any further appeals. Gonzalez then filed another grievance on January 13, 2017, regarding the April 8 incident. *Id.* at 35–36. This grievance was rejected as repetitive. *Id.* at 34. Gonzalez did not appeal this decision but eventually filed this lawsuit. The remaining defendants Davis and Blanchard now move for summary judgment.

### DISCUSSION

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

Gonzalez has not filed any objection or opposition to defendants' motion for summary judgment. In *Jackson v. Federal Express*, 766 F.3d 189 (2d Cir. 2014), the Second Circuit instructed that "when a party, whether *pro se* or counseled, fails to respond to an opponent's

3

motion for summary judgment, a district court may not enter a default judgment," but instead "must examine the movant's statement of undisputed facts and the [proffered] record support and determine whether the movant is entitled to summary judgment." *Id.* at 197.

### *Exhaustion of administrative remedies*

Defendants argue that they are entitled to summary judgment because Gonzalez failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) states that "no action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 740–41 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90–93 (2006).

An inmate's failure to exhaust administrative remedies is excusable only if the remedies are in fact unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy procedure is unavailable when it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates. *Id.* at 1859. Unavailability may also be found where an administrative scheme is so opaque that it becomes incapable of use. *Ibid.* Finally, a grievance process is rendered unavailable if prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation. *Id.* at 1860.

4

The Administrative Directive of the Connecticut Department of Correction requires inmates to file a grievance "within 30 calendar days of the occurrence." Conn. Dep't of Corr., Administrative Directive 9.6 § 6.C (2013), https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0906pdf. There is no dispute that Gonzalez did not file any grievance regarding the incident of April 8, 2016, until December 7, 2016, eight months after the incident occurred.[1] *See Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (inmate failed to exhaust remedies and his "attempt to restart the grievance process some weeks later was itself improper because it was filed months after the thirty-day period set forth in Administrative Directive 9.6 § 6.C"). Although Gonzalez states in his complaint that he "immediately started writing grievances and trying to exhaust [his] remedies," there is no evidence in the record to support this. Doc. #1 at 2 (¶ 13).

Gonzalez alleges that he was unable to file a grievance in a timely fashion because of the lack of available remedies for Spanish speaking inmates. But the record shows that on December 19, 2015, Gonzalez had filed an appeal from a publication rejection notice in which the DOC had barred Gonzalez from obtaining a particular magazine. Doc. #20-3 at 8–11. The filing of this earlier grievance demonstrates that Gonzalez was capable of accessing the prison grievance system. Moreover, Gonzalez does not explain why he was suddenly capable of filing four grievances and one appeal in December 2016 and January 2017, but was unable to file any at all eight months earlier. Furthermore, there is evidence in the record that Gonzalez had access to a Spanish administrative remedies form. Doc. #20-3 at 2–5.

I conclude that there is no material dispute of fact that Gonzalez failed to exhaust his administrative remedies as required under the PLRA. Moreover, there is nothing in the record to

---

[1] The only relevant grievance Gonzalez filed prior to December 7 was his June 26 grievance, which questioned why the former cellmate had not been transferred to another facility. This grievance did not complain about the behavior of Blanchard or Davis and cannot therefore serve to exhaust his claims against them.

5

suggest that such remedies were unavailable to him. Accordingly, I will grant defendants' motion for summary judgment.

## CONCLUSION

The defendants' motion for summary judgment (Doc. #20) is GRANTED. The Clerk of Court shall close this case. It is so ordered.

Dated at New Haven this 10th day of September 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge